IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| CHERIE D. SMITH, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|         v. | )   1:14cv565 (JCC/JFA) |
| | ) |
| THE STRAYER UNIVERSITY | ) |
| CORPORATION, | ) |
| | ) |
|     Defendant. | ) |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Plaintiff Cherie D. Smith's Motion to Amend or Alter the Court's January 13, 2015 Judgment as to Count III of the Amended Complaint pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. [Dkt. 69.] For the following reasons, the Court will deny the motion.

**I. Background**

Through an Order and an accompanying Memorandum Opinion dated January 13, 2015, the Court granted Defendant The Strayer University Corporation's ("Defendant") Motion for Summary Judgment on Counts Two, Three, and Four of the Amended Complaint.  (Mem. Op. [Dkt. 65]; Order [Dkt. 66].)  The Clerk of Court entered Judgment for Defendant on Counts Two, Three, and Four on this basis.  [Dkt. 67.]  The Court denied Defendant's

1

Motion for Summary Judgment as to Count One, which still remains pending with a jury trial set for March 3, 2015.

Plaintiff Cherie D. Smith ("Plaintiff") now asks the Court to amend this Judgment as to Count Three, her wrongful termination claim, and "to reinstate this claim for appropriate determination by the jury." (Pl.'s Mem. [Dkt. 70] at 1.) Specifically, Plaintiff challenges the Court's ruling that (1) she failed to make out the prima facie case of wrongful termination under the American's with Disabilities Act ("ADA") and (2) she failed to show that Defendant's reason for her termination -- poor performance -- was pretext for discrimination on the basis of her alleged disability, vision impairment. (Id. at 2-10.) Plaintiff argues this ruling was clearly erroneous and must be amended to prevent manifest injustice. (Id.)

In short, Plaintiff repeats arguments previously made throughout the extensive summary judgment briefing, raises some new arguments not previously before the Court, and again attempts to raise factual disputes that are not material to the disposition of Count Three. In the event the Court was not clear enough in its previous ruling, let the Court be clear now: there is simply no evidence in the record -- when viewed in a light most favorable to Plaintiff and when drawing every possible inference in Plaintiff's favor -- that would lead a

2

reasonable finder of fact to conclude that Defendant terminated Plaintiff's employment because of her alleged disability.  For this reason, and those discussed below, the motion to amend must be denied.

## II. Legal Standard

Even though Plaintiff initially moved the Court for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure (see Pl.'s Mem. at 1-2), the analysis for reconsideration of an interlocutory entry of partial summary judgment is properly governed by Rule 54(b), as Plaintiff subsequently noted in her Reply Brief (Pl.'s Reply [Dkt. 74] at 3-4).  See Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514-15 (4th Cir. 2013); see also Netscape Commc'ns Corp. v. ValueClick, Inc., 704 F. Supp. 2d 544, 546 (E.D. Va. 2010).  Reconsideration of an interlocutory order is not "subject to the strict standards" that govern reconsideration of a final judgment.  Am. Canoe Ass'n, 326 F.3d at 514.  Yet, when analyzing a Rule 54(b) motion for reconsideration of an interlocutory order, the Court is nonetheless guided by the general principles of Rule 59(e) and Rule 60(b) motions for reconsideration of final judgments.  Id. at 514-15; see also Zaklit v. Global Linguist Solutions, LLC, No. 1:14cv314 (JCC/JFA), 2014 WL 4161981, at *2 (E.D. Va. Aug. 19, 2014) (citing cases).

Departing from a previous ruling is within the sole discretion of the district court "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (citation omitted).  These circumstances "rarely arise and the motion to reconsider should be equally rare."  Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).  As there is no intervening change in the law or new evidence now before the Court, the Court would only reconsider the previous order to correct a clear error of law or prevent manifest injustice.  Such motions for reconsideration may not "reargue the facts and law originally argued in the parties' briefs."  Projects Mgmt. Co. v. DynCorp Int'l, LLC, 17 F. Supp. 3d 539, 541 (E.D. Va. 2014) (quoting United States v. Smithfield Foods, Inc., 969 F. Supp. 975, 977 (E.D. Va. 1997)) (citing Pacific Ins. Co. v. Am. Nat'l Fire. Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) ("The Rule 59(e) motion may not be used to relitigate old matters.")).  Stated differently, it is inappropriate for the court to "reevaluate the basis upon which it made a prior ruling," especially when it appears the motion "merely seeks to reargue a previous claim."  DynCorp Int'l, LLC, 17 F. Supp. 3d at 541 (quoting Smithfield Foods, 969 F. Supp. at 997).  Indeed, such a

4

request necessarily requires an "extraordinary remedy which should be used sparingly." DynCorp Int'l, LLC, 17 F. Supp. 3d at 541 (quoting Pacific Ins. Co., 148 F.3d at 403).

### III. Analysis

In its prior ruling, the Court found that Plaintiff failed to establish a prima facie case of wrongful termination as a matter of law because "it is undisputed that Plaintiff was not, at the time of her termination, meeting Defendant's legitimate expectations." (Mem. Op. at 23-26.) Alternatively, the Court held that even if Plaintiff had established a prima facie case, Defendant offered poor performance as a legitimate, non-discriminatory reason for her termination. (Id. at 26-27.) The Court found no evidence of pretext in the record. (Id.)

In asking the Court to amend its judgment to correct a clear error of law, Plaintiff argues that there is a factual dispute as to whether she was meeting the legitimate expectations of Defendant at the time of termination, and that the Defendant's explanation for her termination was a pretext for discrimination. (Pl.'s Mem. at 2-10.) However, Plaintiff's memorandum fails to articulate how the Court's ruling was a "clear error of law," but rather "calls attention to factual quibbles that are not material to the disposition" of the wrongful termination claim. DynCorp Int'l, LLC, 17 F. Supp. 3d

5

at 541. Nonetheless, the Court will address Plaintiff's evaluation of this Court's prior ruling.

### A. Prima Facie Case of Wrongful Termination

"Mere disagreement" with the Court's previous application of the law to Plaintiff's claims on summary judgment does not support a motion for reconsideration. Hutchinson v. Staton, 994 F.2d 1076, 1081-82 (4th Cir. 1993) (citation omitted). In support of her motion, Plaintiff cites Warch v. Ohio Cas. Ins. Co. 435 F.3d 510, 517 (4th Cir. 2005) for the proposition that the McDonnell-Douglas test should not be applied rigidly, and that Plaintiff is free to argue the employer's expectations were not legitimate when that element of the prima facie case is contested. (Pl.'s Mem. at 3.) Yet, Plaintiff is unable to overcome the quite simple fact that the Court found no evidence of discrimination in the record on summary judgment.

Regardless, Plaintiff claims (1) there is evidence in the record that contradicts Plaintiff's documented performance failures in the Performance Improvement Plan ("PIP") (id. at 3-5); (2) a reasonable jury could infer that the Plaintiff's self-assessment of her own poor performance was negatively influenced by her recent placement on the PIP (id. at 5); (3) there is evidence in the record that shows Plaintiff was meeting Defendant's legitimate expectations (id. at 6); and (4)

6

Plaintiff received better performance reviews in previous years (id. at 6-8.)  These arguments, which were previously considered by the Court on summary judgment, do not demonstrate that the Court's ruling was clearly erroneous or manifestly unjust.

In Warch, the Fourth Circuit affirmed the district court granting summary judgment in employer's favor when evidence in the record showed the employee had failed to meet the employer's legitimate job expectations.  435 F.3d at 514-18.  There, the employee argued that the employer's criticisms "were too subjective" and that the counseling he received to improve his performance was also "not specific and used only general and subjective language."  Id. at 517-18.  The employee also referred "to opinions of those who thought he was doing a good job and points to . . . [other] evidence [that] demonstrates he was meeting [the employer's] legitimate performance expectations."  Id. at 518.  The Fourth Circuit rejected each of these arguments made by the employee.  Here, Plaintiff raises similar arguments on the Motion to Amend that were previously rejected on summary judgment and must be rejected again under the "clearly erroneous" standard.

Whether the PIP was invalid, as Plaintiff argued on summary judgment (see Mem. Op. at 24), or whether the conclusions in the PIP can allegedly be "contradicted" by other evidence, is ultimately irrelevant and does not create a genuine

7

issue of material fact as to whether Plaintiff was meeting Defendant's legitimate employment expectations. "It is the perception of the decision maker which is relevant[.]" Hawkins v. PepsiCo, Inc., 203 F.3d 274, 280 (4th Cir. 2000). The perception of the decision maker, as documented by the PIP, shows that Plaintiff's work performance was unsatisfactory. Plaintiff simply cannot overcome this obstacle. Just like in Warch, Defendant counseled Plaintiff "on concrete, specific observations and accompanied its reprimands with explicit instructions on how to improve." Warch, 435 F.3d at 517-18. But, as stated, discussed, and previously analyzed in the Memorandum Opinion, "Plaintiff's performance did not improve; in fact, it is undisputed that her performance worsened." (Mem. Op. at 23.)

Similarly, Plaintiff's reliance on evidence "that other employees within Strayer considered Plaintiff to be adequately fulfilling her responsibilities," and that her previous performance reviews were better, does not change the outcome. Co-workers' opinions might be relevant in certain situations, but not where the opinions fail to establish the employer's expectations and whether the employee met them. Warch, 435 F.3d at 518 (citing King v. Rumsfeld, 328 F.3d 145, 149-50 (4th Cir. 2003)). And a review of an employee's performance in prior years is irrelevant to a determination of

8

whether her performance was satisfactory at the time of her termination. Warch, 435 F.3d at 518 (citing O'Connor v. Consol. Coin Caterers Corp., 56 F.3d 542, 547 (4th Cir. 1995), rev'd on other grounds, 517 U.S. 308 (1996).

On summary judgment, the Court viewed the evidence in the record in a light most favorable to Plaintiff, drawing every inference in her favor, as it is required to do. Now, on the motion to amend this judgment, there is nothing before the Court to suggest the ruling was clearly erroneous. The evidence that Plaintiff cites

> even if true, is simply not enough to genuinely dispute the considerable evidence of [her] repeated failures and negative performance. Faced with such abundant evidence, [Plaintiff] cannot create a genuine dispute concerning [her] prima facie case by cherry-picking the record to find one isolated instance where [she] arguably performed better than the average employee.

Warch, 435 F.3d at 518. Accordingly, the Court will deny Plaintiff's motion on this basis.

### B. Defendant's Legitimate Explanation for Termination

"For largely the same reasons as stated in the discussion of the prima facie case above," Plaintiff argues she has produced evidence that is sufficient for a jury to find Defendant's proffered reasons for terminating her employment were a pretext for discrimination. (Pl.'s Mem. at 8.) In support, Plaintiff claims that Defendant "embellished" the

9

findings in the Final Progress Check in Plaintiff's PIP. (Id. at 8-9.) Again, Plaintiff does not cite any legal authority for how the Court's ruling was clearly erroneous. She does, however, pick one piece of evidence in the record, and suggests that somehow, these two exhibits present an issue of fact for the jury to decide. This argument is unavailing.

As the Court previously stated in the Memorandum Opinion:

> "In reviewing whether an employer's decision is unlawful, the Court's task is not 'to decide whether the reason for termination of employment was wise, fair, or even correct, ultimately, so long as it truly was the reason for the decision.'" Mercer v. Arc of Prince George's Cnty., Inc., 532 F. App'x 392, 399 (4th Cir. July 11, 2013) (quoting Laing v. Fed. Exp. Corp., 703 F.3d 713, 722 (4th Cir. 2013)). There is nothing in the record to support the notion that Plaintiff was actually terminated because of her disability.

(Mem. Op. at 26.) Instead, the record was clear on summary judgment: in the eyes of Defendant, Plaintiff's performance was poor and necessitated her termination. Throughout this additional briefing, there is nothing before the Court to suggest Defendant's termination of Plaintiff for poor performance was a pretext for discrimination based on her alleged disability. Revisions to Plaintiff's Final Progress Check do not allow the Court to make such a finding. More importantly, no reasonable jury could make such a finding.

10

Again, "[m]ere disagreement" with the Court's previous application of the law to Plaintiff's claims on summary judgment does not support a motion for reconsideration.  <u>Hutchinson v. Staton</u>, 994 F.2d 1076, 1081-82 (4th Cir. 1993) (citation omitted).  Accordingly, because the Court finds no clear error of law or need to prevent manifest injustice, the Court will deny Plaintiff's motion to amend the judgment on this basis as well.

### IV. Conclusion

For the foregoing reasons, the Court will deny Plaintiff's Motion to Amend the Judgment as to Count Three. An appropriate Order shall issue.

|  |  |
|---|---|
| February 19, 2015 | /s/ |
| Alexandria, Virginia | James C. Cacheris |
|  | UNITED STATES DISTRICT COURT JUDGE |